UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 02-95-KSF

UNITED STATES OF AMERICA                                               PLAINTIFF

v.                                **OPINION & ORDER**

STEPHEN L. KELLER                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendant, Stephen L. Keller, pursuant to 28 U.S.C. § 2253(c), for entry of an order granting him a Certificate of Appealability [DE #698]. This motion is fully briefed and is ripe for review.

Keller seeks a certificate of appealability with respect to this Court's Memorandum Opinion and Order [DE #672], issued November 12, 2010, denying Keller's motion to vacate his conviction and set aside his sentenced imposed in the above-styled action on September 16, 2005. In order to succeed on his motion, Keller must make "a substantial showing of the denial of a federal constitutional right" and must indicate which specific issue or issues satisfy the required showing. *See Savova v. United States*, 567 F.3d 802, 803-04 (6th Cir. 2009). Keller contends that he is entitled to a certificate of appealability on two issues: (1) that he was denied his right to a fair trial because the jury instructions relating to his "duty to disclose" were fatally flawed; and (2) that there was new evidence made available to Keller after the trial that showed that the prosecution's claims were inaccurate and false. Additionally, Keller contends that the Court's failure to conduct an evidentiary hearing amounts to a violation of his due process rights.

Keller is not entitled to a certificate of appealability on his claim that the jury instructions were fatally flawed. This argument has previously been rejected by the Sixth Circuit Court of Appeals in Keller's direct appeal. The Sixth Circuit rejected this argument because failure to disclose was not an issue in Keller's case. *See United States v. Sutherlin*, 118 Fed.App'x 911, 913 (6th Cir. 2004). Keller cannot relitigate this same issue in a §2255 motion. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999)("a §2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law"). To the extent that there have been any changes in the law with respect to "duty to disclose," the changes are not relevant because the Sixth Circuit has already determined there was no "duty to disclose" in Keller's case. Additionally, the intervening change in the law relied upon by Keller is a decision by the Fourth Circuit Court of Appeals in *Life Partners, Inc. v. Morrison*, 484 F.3d 284 (4th Cir. 2007), which is not binding on this Court. Therefore, Keller is not entitled to a certificate of appealability on this issue.

Keller also contends that he is entitled to a certificate of appealability based on his discovery of new evidence. The "new evidence" is a twelve-page affidavit of Gloria Grening Wolk, a Viatical & Life Settlements Consultant [DE #687]. However, as the Court previously noted in its Memorandum Opinion and Order, Wolk's affidavit presents unsubstantiated hearsay without alleging any personal knowledge about any of the indictment counts. Her affidavit, based on conclusory assertions and hearsay statements, simply does not raise the real possibility of a constitutional error. *See, e.g. United States v. Robinson*, 582 F.Supp.2d 919, 926 (N.D.Ohio 2008)(citing several circuits).

Finally, to the extent that Keller claims that the failure to conduct an evidentiary hearing violated his due process rights, his claim fails. Keller has failed to point to any authority which requires the Court to conduct an evidentiary hearing on his § 2255. Accordingly, no certificate of appealability will issue on this claim.

In conclusion, Keller has failed to make a substantial showing of the denial of any federal constitutional right. As a result, his motion for certificate of appealability [DE #698] is hereby **DENIED**.

This February 28, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge